## Christian County Board of Education, et al. v. Gee.

(Decided January 14, 1927.)

Appeal from Christian Circuit Court.

1.   Schools and School Districts—County Board of Education in Appointing Teacher Need Not Consider Name Recommended by Subdistrict Trustee for School Not Within His Subdistrict (Acts 1924, chapter 52, section 3).—County board of education in appointing teacher is not required by Acts 1924, chapter 52, section 3, to

consider name recommended by subdistrict trustee as teacher for school not located within his subdistrict, notwithstanding there was a misunderstandnig on part of the board as to location of the district

2. Schools and School Districts—Board of Education May Hire Teacher on Recommendation of Any of its Members After Subdistrict Trustee's Failure to Make Recommendation (Acts 1924, Chapter 52, Section 3).—Where subdistrict trustee, after notice, failed to recommend teacher for colored school in his subdistrict, board of education may, after reasonable time, hire teacher on recommendation by any of its members, notwithstanding Acts 1924, chapter 52, section 3.

DOUGLAS BELL for appellants.

O. H. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, Hattie Gee, who was the plaintiff below, brought this action against John W. Adams and others composing the Christian county board of education to compel them to elect her a teacher for Beech Grove colored school in Christian county for the school term 1926-27. The circuit court granted plaintiff the relief prayed for and defendants appeal.

Guy Cannon is trustee in the subdistrict known as the Iron Hill school district and Richard Morris is trustee in the adjoining subdistrict known as the Concord school district. On May 11, 1926, the county superintendent of schools wrote to all the subdistrict trustees in the county advising them that the county board of education would meet on May 25 for the purpose of employing teachers for the ensuing year. In each letter was enclosed a blank form on which the trustees were to recommend teachers, both white and colored, for the schools in their districts. Richard Morris, trustee in the Concord school district, recommended a teacher for the white school but recommended no teacher for the Beech Grove colored school. Guy Cannon, trustee of the Iron Hill school district, recommended a teacher for the Beech Grove colored school, but he was requested by the county superintendent to withdraw his recommendation in order that Hazel Carlisle might be elected. He did withdraw his recommendation and Hazel Carlisle was employed on May 25, 1926, as teacher in the Beech Grove colored school for the 1926-27 term. Prior to this time it was

not definitely known whether Beech Grove colored school was situated in the Iron Hill school district or in the Concord school district, but it is clearly established by the evidence that it is situated in the Concord school district in which Richard Morris is trustee.

The school was due to open on Monday, September 6, 1926. On September 4, 1926, Hazel Carlisle tendered her resignation to the county superintendent, who then procured Rosa Leavell to open the school on Monday, September 6. The appellee, Hattie Gee, learning of the vacancy procured a recommendation from Guy Cannon, trustee in the Iron Hill school district, and filed her written application for the position of teacher in the Beech Grove colored school with the county superintendent. The county board of education held its regular monthly meeting on September 6, 1926, and elected Rosa Leavell teacher of the Beech Grove school. A short time before the next regular monthly meeting of the board of education, which was held on October 4, 1926, the appellee, Hattie Gee, procured a recommendation from Richard Morris, trustee in the Concord school district, and again filed her application with the board of education but the board refused to reconsider its action. Section 3, chapter 52, Acts 1924, is in part as follows:

"The county board of education shall on written recommendation of subdistrict trustees appoint all principals, teachers and supervisors from a list of names of qualified and available persons submitted by him in writing, and shall fix their salaries subject to the provisions of law; provided, that each subdistrict trustee may recommend a teacher to the county superintendent before teachers are appointed by the county board of education, and may recommend more than one if more than one are to be employed for his subdistrict, and it shall be the duty of the county superintendent to include in the list of teachers reported by him to the county board of education all qualified teachers so recommended to him in writing. If any teacher positions remain unfilled after reasonable time and repeated opportunities are given for nominations as hereinbefore provided, the board of education may then receive recommendations of qualified teachers by any member of the board, and may, in its discretion, appoint such teachers."

It being conclusively shown that the Beech Grove colored school is not situated in the Iron Hill school district in which Guy Cannon is trustee, the county board of education was not required to consider the name of any teacher recommended by him since any misunderstanding on the part of the members of the board of education as to the location of the Beech Grove colored school would not confer jurisdiction upon Cannon, if in fact, the Beech Grove school is not situated in the district in which he is trustee. And, Richard Morris, trustee in the district in which Beech Grove colored school is located, having been given an opportunity to recommend a teacher and having failed so to do, after a reasonable time, the board of education might then in its discretion hire such teacher upon a recommendation by any member of the board. Morris was requested on May 11, 1926, to recommend a teacher for any colored school in his district and he having failed to make such a recommendation the board of education elected a teacher for the school on May 25, 1926. When the members of the board met on September 6, 1926, they were confronted with an emergency, and, Morris having failed for a period of several months to recommend the name of any teacher for the school, they had the right to assume that he intended to make no recommendation and under the circumstances it would be unreasonable to require the board of education to postpone the election of the teacher until the next meeting in order to ascertain whether the subdistrict trustee desired to make any recommendation. The fact that Morris did not know the Beech Grove colored school was located in his district did not alter the merits of the case.

It is insisted by appellants that in no event is a subdistrict trustee authorized to recommend a teacher for a colored school, but conceding, without deciding, that a trustee of a subdistrict in which is situated a colored school is authorized by the provisions of the act above quoted to recommend a teacher for such school, the subdistrict trustee in this case did not make a recommendation after having a reasonable opportunity so to do and the appellants were authorized to employ a teacher upon the recommendation of a member of the board of education.

Judgment reversed, with directions to dismiss plaintiff's petition.